UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

LARRY G. JOHNSON, individually and d/b/a
LAW FORUM PRESSS, a sole proprietorship,

        *Plaintiffs,*

-vs-                **COMPLAINT FOR**
                   **COPYRIGHT INFRINGEMENT**


CATHARINE M. VENZON; VENZON LAW   <u>Jury Trial Requested</u>
FIRM P.C., JOHN DOES 1-3, and JANE DOES
1-3,


        *Defendants.*

---

  LARRY G. JOHNSON, individually and d/b/a LAW FORUM PRESSS, a sole proprietorship, Plaintiff, hereby alleges for his Complaint against CATHARINE M. VENZON, VENZON LAW FIRM P.C., JOHN DOES 1-3, and JANE DOES 1-3, Defendants, the following:

### I. Nature of the Case

1. This is an action for copyright infringement, trademark infringement, violation of the Lanham Act, unfair trade practices and additional pendant torts arising out of Defendants' unlawful use, reproduction, alteration, publication, display, and distribution of Plaintiff's copyrighted published work, *"The Deposition Guide, A Practical Handbook for Witnesses"* (hereinafter "Original Work").

2. Without Plaintiff's knowledge, consent or other authorization, Defendants: (1) copied the Original Work; (2) re-formatted the Original Work into a "PDF" or electronic version; (3) deleted content within the Original Work in a manner that degraded the quality and integrity of

the Original Work; (4) removed Plaintiff's copyright notice, trademark, author and publisher attribution page, author biography and all other indicia of source and ownership within the Original Work; (5) replaced the title of the Original Work with "The Deposition Guide" and the file name, "The-Deposition-Guide.pdf"; (6) reproduced verbatim all remaining text of the Original Work, amounting to more than half the text of the Original Work, but otherwise deleted all other content; thereby (7) creating a truncated, unattributed, retitled and incomplete version of Plaintiff's Original Work (hereinafter, "Derivative Work"); (8) reproduced and enabled others to reproduce such Derivative Work; (9) copied, stored and transmitted the Derivative Work on Defendants' hard drives, servers and computer systems; (10) displayed the Derivative Work on Defendant's web site in a manner that was false, misleading and misrepresented source, ownership and authorship; and (11) induced end users, including clients, prospective clients and the public in general to infringe Plaintiff's copyrights, all to Plaintiff's damage and detriment.

## II. Parties

3. Plaintiff Larry G. Johnson resides in the Western District of Washington and works in the Western District, in Newcastle, Washington. He also does business as Law Forum Press, a sole proprietorship and publisher of the aforementioned *The Deposition Guide.*

4. Defendant Catharine M. Venzon resides and practices law in Erie County, New York, which is in the Western District of New York, and on her web site refers to herself as "Senior Partner" of the Venzon Law Firm.

5. Defendant Venzon Law Firm P.C. is registered in the State of New York as a Domestic Professional Corporation in Buffalo, New York, with Defendant Catharine M. Venzon listed as "Chairman or Chief Executive Officer," with no registered agent, and its "Principal Executive

Office" is located at 467 N. Forest, Williamsville, New York, 14221, which is in the Western District of New York. Defendant Venzon Law Firm P.C. has been an active New York corporation since 2005.

6. Defendants John Does 1-3 reside in or near Buffalo, New York in the Western District of New York, and on information and belief they acted as to all matters relevant to this lawsuit in capacities as either agents or employees of Defendants Catherine M. Venzon and Defendant Venzon Law Firm P.C., and whose identities and actions will be determined through further investigation and discovery, and who may be substituted as parties in an Amended Complaint which Plaintiff reserves the right to file and serve.

7. Defendants Jane Does 1-3 reside in or near Buffalo, New York, and on information and belief they acted as to all matters relevant to this lawsuit in capacities as either agents or employees of Defendants Catherine M. Venzon and Defendant Venzon Law Firm P.C., and whose identities and actions will be determined through further investigation and discovery, and who may be substituted as parties in an Amended Complaint which Plaintiff reserves the right to file and serve.

### III. Subject Matter Jurisdiction, Personal Jurisdiction and Venue

8. This Court has original and exclusive subject matter jurisdiction of this action under 28 U.S.C.A. § 1338(a) (original jurisdiction for copyright claims) and 28 U.S.C. § 1331 (original jurisdiction over federal question) because this action arises under the Copyright Act, 17 U.S.C.A. §§ 101 et seq, and 17 U.S.C. §301 (federal preemption of copyright claims).

9. This Court has original and exclusive subject matter jurisdiction of this action under 28 U.S.C.A. § 1331 because this action also arises under The Lanham Act, 15 U.S.C. § 1051 et seq.

10. This Court has supplemental subject matter jurisdiction pursuant to 28 USC §1367(a) over all other claims contained within this complaint because all of Plaintiff's claims are so related to claims in the action where this Court has original jurisdiction that they form part of the same case or controversy under Article III of the U.S. Constitution.

11. This court also has original jurisdiction pursuant to 28 U.S.C.A. §1332 because all plaintiffs are citizens of the State of Washington and all defendants are citizens of the State of New York and the amount in controversy exclusive of costs and interest exceeds the sum of $75,000.

12. This court has personal jurisdiction of defendant Catharine M. Venzon because she is a resident and domiciliary of the Western District of New York where she has an office for the practice of law.

13. This court has personal jurisdiction of the defendant Venzon Law Firm P.C. because it is registered in New York as a domestic professional corporation with its principle place of business in the Western District of New York.

14. Venue in this case is proper pursuant to 28 USC § 1391 since all defendants reside in the Western District of New York and a substantial part of the events and omissions giving rise to the claims herein occurred and continued to occur in the Western District of New York.

15. On August 30, 2012, a complaint making the same substantive allegations and involving the identical parties as the instant case was dismissed in the Western District of Washington for lack of personal jurisdiction pursuant to FRCP 12(b)(2). (See Larry G. Johnson v. Catharine M. Venzon, et al. C-12-895 RSL (W.D.WA))

## IV. Facts

16. Plaintiff re-alleges the facts set forth in Paragraphs 1 through 15 hereinabove as if fully set forth here.

17. Plaintiff is the author of the Original Work, "The Deposition Guide, A Practical Handbook for Witnesses."

18. Plaintiff is the sole owner of the copyright and copyright registration to the Original Work, issued in 2001 by the U.S. Copyright Office, Number TX0006629044.

19. Plaintiff has actively controlled and protected the copyrights, marks and commercial rights to the Original Work and all derivatives thereof, including printed, downloadable and electronic versions of the same. Plaintiff provides publication and distribution rights to the Original Work (including derivatives thereof) by formal written agreement only. By way of example, see **Attachment "A"** appended hereto, which is a true and accurate screenshot.

20. Plaintiff owns and controls the web site, www.thedepositionguide.com. This web site promotes, displays and offers for purchase a downloadable electronic ".pdf" version of the Original Work. See **Attachment "B"** appended hereto, which is a true and accurate screenshot.

21. On or before November, 2011, Defendants, acting individually or in combination, created the Derivative Work, an inferior version of the Original Work in downloadable ".pdf" form. Such Derivative Work was then promoted, displayed and made publicly available for infinite free downloads via Defendants' own law firm web site.

22. Specifically, Defendants uploaded the Derivative Work to their web site server (a networked hard drive connected to the Internet), then they created and displayed a link to the downloadable version of the Derivative Work on the "Newsletters" section of their law firm's web site. **Attachment "C".**

23. Defendants neither sought nor received permission from Plaintiff to do any of the acts described above.

24. Immediately upon learning of Defendants' unauthorized creation, publication, promotion and distribution of the Derivative Work, Plaintiff sent a cease and desist letter to Defendants. In response, they removed their law firm's web site link to the Derivative Work residing on their web site server and then sent Plaintiff a terse letter, **Attachment "D"**, which is a true and accurate scanned copy.

25. Thereafter, Plaintiff discovered, however, that Defendants still had failed to remove the Derivative Work from their law firm's web site server, so that it still remained available for free downloads by the public via Google searches. See **Attachment "E"**, which is a true and accurate screenshot. Plaintiff had to send Defendants a second cease and desist letter, demanding removal of the Derivative Work hosted on their web site server, to which Defendants have given no response.

26. Defendants intentionally infringed Plaintiff's copyrights in the Original Work and the Derivative Work as evidenced by (1) the deletion of all attribution to Plaintiff (including Plaintiff's copyright notice and trademark), (2) the verbatim copying of a substantial amount of text from the Original Work, with the exception of all references to the Plaintiff as author and publisher and (3) the false representation of source, authorship and ownership resulting from Defendant's misleading placement, display and promotion of Derivative Work on Defendants' website. **Attachments "F" and "G"** are true and accurate screenshots of, respectively, the cover and inset page of the Derivative Work, as offered for free download by Defendants. **Attachments "H" and "I"** are true and accurate screenshots of, respectively, the first and second inset pages of the Original Work as offered for sale by Plaintiff.

27. Defendants willfully and repeatedly infringed Plaintiff's copyrights, including without limitation the exclusive right to create and distribute derivative works. As such, Defendants are liable to Plaintiff for statutory damages resulting from said intentional copyright infringements.

28. Defendants acted fraudulently and in violation of the law by removing Plaintiff's copyright notices, marks, author information and other attribution of ownership. This misled the public in violation of state and federal consumer protection laws.

29. Based on information and belief, Plaintiff alleges that Defendants have often and serially infringed Plaintiff's copyright each time they have sent a client or prospective client the Derivative Work (in electronic or print form), or otherwise induced or encouraged users to download the same via the law firm's website. The full extent of damages resulting from such unlawful activities will be established through discovery and investigation.

## V. Liability and Damages

30. The Copyright Act grants this Court the authority to issue both preliminary and permanent injunctive relief on a nationwide basis to halt infringements such as those being committed by defendants. 17 U.S.C. § 502. The Act also awards statutory damages of up to $150,000 per willful infringement; for awards of attorneys' fees to the prevailing party; and for other relief, such as impoundment of infringing articles. 17 USC §§ 503; 504(c); 4(c)(2).

31. The acts of creation, use, copying, publication and inducement for others to copy Plaintiff's copyrighted work as set forth in the immediately preceding Paragraphs 14-17 constitute separate and distinct unlawful acts, entitling Plaintiff to statutory damages of up to $150,000 for each such willful infringement, per 17 USC § 504(c)(2).

32. These actions are contrary to honest commercial practices and are likely to deceive the public in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

33. Given Defendants' insouciance and arrogance in the face of their numerous and incontrovertible infringements, and given Defendants' conduct as lawyers who should know better by respecting the law and not recklessly circumventing it, the Court should (1) properly exercise its discretion in awarding Plaintiff the maximum recoverable statutory damages of up to $150,000 for each such willful infringement and contributory infringement; (2) award Plaintiff attorneys fees and costs; and (3) order the impound and destruction of all infringing articles under 17 USC § 503.

34. Defendant Catharine M. Venzon is personally liable for her own acts and omissions as set forth hereinabove, as well as being strictly liable for any and all acts of her employees under the doctrine of *respondeat superior*, and as principle for any liability resulting from the acts or omissions of her agents. She is further personally liable for any and all acts and omissions that are *ultra vires* of her duties as "Senior Partner" or "Chairman or Chief Executive Officer" of Defendant Venzon Law Firm P.C.

35. Further, because Defendant Venzon either does not herself respect and follow the corporate formalities in operating Defendant Venzon Law Firm P.C. as a corporation, and/or in order to prevent fraud and other injustice from occurring by her seeking to avoid liability through a claimed corporate shield of Defendant Venzon Law Firm P.C., the Court should pierce the corporate veil of Defendant Venzon Law Firm P.C. and hold "Senior Partner" Defendant Catharine M. Venzon personally liable for all damages assessed in Plaintiff's favor, in addition to Defendant Venzon Law Firm P.C.

## VI. Relief Sought

36. Plaintiff seeks damages against Defendants, jointly and severally, in amounts to be proven at trial, for the following specific, known willful infringements of Plaintiff's copyright committed by Defendants:

    A. For intentionally violating Plaintiff's exclusive right to create a Derivative Work;

    B. For intentionally violating Plaintiff's exclusive right to copy the Derivative Work;

    C. For intentionally violating Plaintiff's exclusive right to distribute the Derivative Work;

    D. For promoting the Derivative Work in a deceptive, unfair and illegal manner and creating a link on The Venzon Law Firm web site to the illegal Derivative Work hosted on the web server for Defendants' law firm web site;

    E. For inducing clients, prospective clients, and the general public to freely download the Derivative Work.

37. Damages to Plaintiff's professional reputation by altering and creating an inferior version of the Original Work in the Derivative Work.

38. Damages for such further willful violations by Defendants of Plaintiff's rights as will be established through discovery and investigation.

39. Damages for Defendants' tortious interference with prospective economic damage; fraud; misrepresentation; false advertising; violations of the Washington Consumer Protection Act; and violation of Plaintiff's common law rights to reputation and publicity, all as set forth in detail hereinabove, in amounts to be proven at trial.

40. Plaintiff will be irreparably harmed if injunctive relief sought herein is not granted, and there is a high probability he will prevail on his claims asserted herein. Plaintiff thus prays for

temporary and permanent injunctive relief, enjoining Defendants from any further copying, use, publication, dissemination or inducement to others to copy Plaintiff's Original Work or the unauthorized Derivative Work, and any further illegal derivatives thereof.

41. For an Order of Impound and Destruction, ordering Defendants to provide to Plaintiff all records of infringing materials and the ultimate destruction of all infringing works created by Defendants, and to recall and recover from the clients of The Venzon Law Firm all such illegal copies, and to destroy same.

42. An award of attorneys fees as provided by the U. S. Copyright Act, 17 U.S.C.A. § 505.

43. Such other relief as the Court finds just and equitable.


Dated: September 25, 2012
      Buffalo, New York                                        Respectfully Submitted,

                                                                             s/Philip B. Abramowitz
                                                                             Philip B. Abramowitz, Of Counsel
                                                                             *Attorney for Plaintiffs*
                                                                             Kloss, Stenger & LoTempio
                                                                             69 Delaware Avenue, Suite 1003
                                                                             Buffalo, New York 14202
                                                                             Email: pabramowit@aol.com;
                                                                                        office@klosslaw.com
                                                                             Phone (716) 583-1205

Attachment "A"



From        http://www.amazon.com/Deposition-Practical-Handbook-Witnesses-ebook/dp/B001TOCFZY/ref=tmm_kin_title_0?ie=UTF8&m=AG56TWVU5XWC2&qid=1332887270&sr=8-2

Attachment "B"



From www.thedepositionguide.com

Attachment "C"



Screenshot of http://www.venzonlawfirm.com/newsletters/ taken 4/10/2012

Attachment "D"



300 Delaware Avenue
Buffalo, NY 14202

716.854.7888P
716.854.0294F

Service by electronic means
not accepted

www.venzonlawfirm.com

Se habla español

Catharine M. Venzon
Also admitted in
District of Columbia

Chad T. Pidanick

Bryan G. Brockway
Of Counsel
Criminal Law & General Practice
145 Main Street
Randolph, NY 14772

Elizabeth A. Robillard
Administrative Assistant

Christina Postwik
Billing Clerk

April 10, 2012

Larry Johnson
8505 129th Avenue, SE
Newcastle, Washington 98056

RE: The Deposition Handbook

Dear Mr. Johnson:

Please be advised that we are in receipt of your correspondence dated April 10, 2012. We have requested that any reference to the "The Deposition Handbook" has been removed from the website pursuant to your request.

Very truly yours,

Chad Pidanick

CTP

Matrimonial / Custody / Family Law

Attachment "E"

[PDF] **Page 1 Page 2 DBPÚSNHÜN GÍUÍÜDE K**, a practical handbook f...
www.venzonlawfirm.com/wp-content/.../The-**Deposition-Guide**.pdf
File Format: PDF/Adobe Acrobat - Quick View
**Larry** G. **Johnson**, I.D. ... wanting to take your **deposition**, even if he says you and he are. "on the .... two chapters will serve as your **guide** through that terrain. 1. 1 ...
You've visited this page 2 times. Last visit: 4/9/12

**Larry G. Johnson - Find the lowest price**
www.aaapricesearch.com/Books/Author/**Larry**%20G.%20**Johnson**/0
The **Deposition Guide**, A Practical Handbook for Witnesses ISBN: B001TOCFZY
Publisher: Law ... Book Author: **Larry** G. **Johnson** Recommended Price: $9.95 ...

**The Deposition Guide**: A Practical Handbook for Witnesses ...
www.bookfinder.com/dir/i/...**Deposition_Guide**-A.../0970935307/
Find the best deals on The **Deposition Guide**: A Practical Handbook for Witnesses by **Larry** G. **Johnson** (0970935307)

**Imagen: The Deposition Guide, A Practical Handbook for Witnesses** ...
www.amazon.es/**Deposition**-Practical-Handbook.../B001TOCFZY
Imagen: The **Deposition Guide**, A Practical Handbook for Witnesses: **Larry** G. **Johnson** by **Larry** G. **Johnson**.



‹ Goooooooooogle ›
Previous   1 2 3 4 5 6 7 8 9 10   Next

**From Google search results 4/9/2012**

Attachment "F"



Cover of infringing Derivative Work. Downloaded from:
http://www.venzonlawfirm.com/wp-content/themes/venzonlawfirm/inc/The-Deposition-Guide.pdf

Attachment "G"

# THE DEPOSITION GUIDE

*a practical handbook
for witnesses*

Larry G. Johnson, J.D.

Inset page of Defendants' Derivative Work, the infringing "The-Deposition-Guide.pdf"

Case 1:12-cv-00907-WMS-HKS   Document 1   Filed 09/25/12   Page 18 of 19

Attachment "H"



First interior (inset) page of Plaintiff's *The Deposition Guide* (Original Work)

Attachment "I"

# THE DEPOSITION GUIDE

## A Practical Handbook for Witnesses

by Larry G. Johnson
Attorney at Law
E-mail: larrygj@eskimo.com

No part of this publication may be reproduced, stored in a retrieval system, or transmitted, in any form, by any means, electronic, mechanical, photocopying, recording, or otherwise, without the prior written permission of the author.

Second interior (inset) page of Plaintiff's *The Deposition Guide* (Original Work)